UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS I. GAGE,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>UNITED STATES ATTORNEY GENERAL,<br><br>　　　　*Defendant*. | Civil Action No. 22-283 (RDM) |

## MEMORANDUM OPINION

On January 26, 2022, Plaintiff Thomas I. Gage, proceeding *pro se*, filed this action, in which he seeks a writ of mandamus compelling the Attorney General of the United States to "empanel[] . . . a Special Grand Jury[] to investigate" certain crimes that Plaintiff claims were committed against him and his family. Dkt. 1 at 2–3 (Compl. ¶¶ 1–11). Because the allegations in Plaintiff's complaint did not appear to satisfy the jurisdictional threshold requirements for mandamus relief, the Court ordered Plaintiff "to show cause, on or before February 25, 2022, why the Court should not dismiss the complaint for lack of jurisdiction." Min. Order (Feb. 4, 2022). Plaintiff submitted his response on February 14, 2022. Dkt. 2. Upon consideration of Plaintiff's filings and the relevant legal authorities, the Court concludes that Plaintiff has not satisfied the threshold requirements for mandamus relief, and, accordingly, will **DISMISS** the case for lack of jurisdiction.

28 U.S.C. § 1361 vests federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is a "drastic" remedy, only to be invoked in "extraordinary circumstances." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir.

2002). To show entitlement to mandamus relief, a plaintiff must demonstrate (1) that he has a clear and indisputable right to relief, (2) that the government agency or official is violating a clear, nondiscretionary duty to act, and (3) that no adequate alternative remedy exists. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n*, 812 F.3d at 189.

Plaintiff's case founders at this threshold, jurisdictional step. Although the Attorney General has not yet appeared or been served in this case, the Court has an ongoing "obligation to assess its jurisdiction . . . *sua sponte*." *Friends of Animals v. U.S. Bureau of Land Mgmt.*, 514 F. Supp. 3d 290, 299 (D.D.C. 2021); *see also Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (a court "must consider" its subject-matter jurisdiction *sua sponte* "at any point in the litigation"). Plaintiff's complaint asks the Court to compel the U.S. Attorney General to impanel a grand jury to investigate certain crimes; however, Plaintiff cannot establish that the Attorney General has a clear, nondiscretionary duty to take such an act. *See Simpson v. Reno*, 902 F. Supp. 254, 257 (D.D.C. 1995). By statute, it is district courts that impanel special grand juries, not the Attorney General. 18 U.S.C. § 3331(a). In judicial districts that contain more than 4 million inhabitants, the district court must impanel a special grand jury at least once every 18 months. *Id.* And, in all other districts, the court must impanel a special grand jury at the request of the Attorney General. *Id.* Crucially, however, the Attorney General's decision to request an empanelment is discretionary, not mandatory. *Simpson*, 902 F. Supp. at 257; *see* 18 U.S.C. § 3331(a) (requiring the district court to impanel a special grand jury if the Attorney General "certifies in writing to the chief judge of the district that *in his judgment* a special grand jury is necessary because of criminal activity in the district" (emphasis added)). Similarly, Plaintiff

cannot demonstrate that the Attorney General has a clear, nondiscretionary duty to investigate the crimes Plaintiff alleges.  *See, e.g.*, *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010); *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009); *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C. 1991).  The decision whether and when to investigate a particular matter is quintessentially discretionary, *see Ning Ye*, 624 F. Supp. 2d 121, 123, and Plaintiff has not provided the Court with any basis from which to conclude that the Department of Justice owes Plaintiff a nondiscretionary duty to investigate his specific allegations.

Accordingly, because the complaint fails to demonstrate Plaintiff's entitlement to mandamus relief, the Court will **DISMISS** the case for lack of jurisdiction.

A separate order will issue.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  February 28, 2022